UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEON L. BOGGS,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>PEABODY PROPERTIES,<br><br>　　　　　Defendant. | Civil Action No. 24-cv-12497-DLC<br><br><br>**MEMORANDUM AND ORDER** |

**CABELL, Chief Magistrate Judge**

For the reasons stated below, the Court directs Keon L. Boggs to (1) either pay the filing fee or file a motion for leave to proceed *in forma pauperis* and (2) file an amended complaint that complies with the directives of this Memorandum and Order.

**I.     Background**

Plaintiff Keon L. Boggs, a resident of Massachusetts, initiated this action by filing a self-prepared complaint against Peabody Properties of Boston.  *See* Complaint ("Compl."), Docket No. 1.  This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 3.

Boggs' complaint was submitted on the civil complaint form that is available on the court's website.  *See* Compl. (Pro Se 1 (Rev. 09/16)).  Boggs seeks damages from the defendant alleging "organiz[ed crime," "white collar crime" and "hate crime."  *Id.* at 4.  Boggs asserts diversity jurisdiction 28 U.S.C. § 1332.  *Id.* at 3.  For relief, Boggs seeks $"1,000,000.  *Id.* at 4.

**II.     Filing Fee**

Although Boggs filed a complaint, he has not paid the $405.00 filing fees, *see* 28 U.S.C. § 1914(a) or filed a motion for leave to proceed without prepayment of the filing fee, *see* 28

U.S.C. § 1915. If plaintiff wishes to proceed with this action, he will be granted additional time to either pay the fee or seek leave to proceed *in forma pauperis*.

### III.     Screening of the Complaint

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The Court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). The Court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." *Donahue v. Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or the court has diversity jurisdiction over the matter. *See* 28 U.S.C. §

1331 (federal question) and § 1332 (diversity).  For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is to say, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009).

Here, the complaint does not invoke the Court's federal question jurisdiction.  Instead, Boggs invokes the Court's diversity jurisdiction, and, because all the parties are alleged to be Massachusetts citizens, diversity subject matter jurisdiction does not exist.  Thus, the complaint is subject to dismissal pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

In light of the foregoing, this action will be dismissed in 21 days unless plaintiff files an amended complaint which provides this Court with subject matter jurisdiction.   As an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), the plaintiff should repeat in any amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  Failure to comply with these directives may result in dismissal of this action.  Upon receipt of plaintiff's response to this Memorandum and Order, the undersigned will either direct the Clerk to issue summons or direct the reassignment of the case to a District Judge for further review of plaintiff's response.

**IV.    Order**

Based on the foregoing, it is hereby Ordered that:

1.      If Plaintiff wishes to proceed with this action, he must, within twenty-one (21) days from the date of this Memorandum and Order, (1) either pay the $405.00 filing fee or move for leave to proceed *in forma pauperis*; and (2) file an amended complaint which provides the Court with subject matter jurisdiction.

2.   Failure of plaintiff to comply with these directives within twenty-one (21) days of the date of this Memorandum and Order may result in the dismissal of this action.

3.   No summons shall issue pending further Order of the Court.

So ordered.

                                              /s/ Donald L. Cabell
                                              DONALD L. CABELL, U.S.M.J.

DATED:  April 1, 2025